# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 6, 2013

No. 12-10395
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARTHELLA BROADUS,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CR-183-1

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Marthella Broadus pleaded guilty to one count of wire fraud and one count of arson, and she was sentenced to two consecutive 120-month prison terms. On appeal, Broadus challenges only her arson conviction. She does so on the basis that the factual basis for her plea on that count was insufficient to allege an offense because it did not admit that her arson was an act of interstate commerce. The Government moves for summary affirmance or dismissal and, alternatively, for an extension of time to file a brief.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Broadus's appeal is not barred by the appeal waiver contained in her plea agreement. Even a defendant who has validly waived her right to appeal may challenge the factual basis underlying her guilty plea. *United States v. Trejo*, 610 F.3d 308, 312-13 (5th Cir. 2010); *United States v. Hildenbrand*, 527 F.3d 466, 474 (5th Cir. 2008). As Broadus concedes, though, our review in this case is only for plain error since she failed to object in the district court to the adequacy of the factual basis to support her plea. *See Trejo*, 610 F.3d at 312-13; *United States v. Marek,* 238 F.3d 310, 315 (5th Cir. 2001) (en banc). To show plain error, Broadus must show a forfeited error that is clear or obvious and that affects her substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If she makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

"The elements of arson are that the defendant (1) maliciously damaged or destroyed a building or personal property, (2) by means of fire, and (3) the building or personal property was being used in activity affecting interstate commerce." *United States v. Severns*, 559 F.3d 274, 289 (5th Cir. 2009) (internal quotation marks and citation omitted). The factual basis to which Broadus stipulated is sufficient to sustain each of these elements, and Broadus does not contend otherwise. Instead, she asserts that 18 U.S.C. § 844(i), the federal arson statute, is constitutionally invalid to the extent that it attempts to criminalize anything other than arson committed as an act of commerce. In support of this assertion, she relies on her interpretation of a recent Supreme Court case, *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 132 S. Ct. 2566 (2012), as "establish[ing] that the Commerce Clause permits Congress to regulate or prohibit activities that *are* interstate commerce, but not to regulate or prohibit activities that merely *affect* interstate commerce." Broadus acknowledges she cannot prevail on plain error review because her reading of *Nat'l Fed'n of Indep. Bus.* is a novel one that is not unambiguously supported by the current state of the law. She raises the issue

here to preserve it for further review in the event that the law may become unambiguous prior to the conclusion of her direct appeal. She also seeks to preserve for further review her contentions that the issue whether a factual basis admits a constitutional offense presents the question whether there can be a cognizable finding of guilt and that this question ought not be reviewed only for plain error.

Broadus has not met her burden under the plain error standard. The district court's judgment is AFFIRMED. The Government's motion for summary affirmance or dismissal and its alternative motion for an extension of time to file a brief are DENIED.